UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MARK HEDGES, Plaintiffs, vs. SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, Defendants. | CASE NO. 2:14-cv-06006 CAS (SS) **[PROPOSED] JUDGMENT ON ORDER GRANTING MOTION TO DISMISS *PRO SE* COMPLAINT WITHOUT LEAVE TO AMEND** |

The Motion of defendant, the Superior Court of California, County of Los Angeles (the "Superior Court"), for an order dismissing plaintiff in *pro se*, Mark Hedges' Complaint, pursuant to *F.R.Civ.P.*, Rules 12(b)(1) and (6), having come on for determination on November 3, 2014, in Courtroom 5, of the United States District Court, Central District of California, Western Division, before the Honorable Christina A. Snyder, judge presiding, and after having considered the moving papers, request for judicial notice, opposing papers, reply papers, the complete record on file herein, and argument of the parties, and the Court having granted said motion, without leave to amend, as set forth in the Minute Order, a true and correct copy of which is attached hereto as Exhibit A:

\\\\\

\\\\\

\\\\\

IT IS ADJUDGED that the action is dismissed without leave to amend as to the Superior Court and judgment entered in its favor and against plaintiff in *pro se*, Mark Hedges.

Dated: November 18, 2014

By: Christina A. Snyder

CHRISTINA A. SNYDER,
United States District Judge

Exhibit A

Case 2:14-cv-06006-CAS-SS Document 25 Filed 11/03/14 Page 1 of 8 Page ID #:210

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Hedges, Pro Se | Kevin McCormick |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Dkt. No. 7, filed August 20, 2014)

## I. INTRODUCTION

On July 31, 2014, plaintiff filed this lawsuit against defendant Superior Court for the County of Los Angeles (the "Superior Court") under 42 U.S.C. § 1983. Dkt. No. 1. In brief, the complaint alleges that the Superior Court acted contrary to law by refusing to take action on alleged violations of his rights stemming from an episode of involuntary psychiatric treatment, and by participating in a system that denied him procedural due process rights. Id. The complaint asserts claims for relief for (1) failure to notify Disability Rights California ("DRC") of violations of the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801 et seq.; (2) systematic denial of the right to an attorney and habeas corpus; (3) deprivation of civil rights under color of law in violation of 18 U.S.C. § 242; (4) systematic discrimination in violation the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 et seq.; (5) omission of statutory penalties in violation of 42 U.S.C. § 1396h; (6) fraudulent concealment; (7) fraud; (8) loss of income; (9) destruction of property; (10) false arrest; (11) slavery; and (12) state terrorism, in violation of 18 U.S.C. §§ 2331(5), 2339C(a)(1)(A). Id. at 20–23.

On August 20, 2014, the Superior Court filed a motion to dismiss. Dkt. No. 7. On September 8, 2014, plaintiff filed an opposition. Dkt. No. 10. The Superior Court filed a reply on September 15, 2014. Dkt. No. 14. The Court held a hearing on November 3, 2014. After considering the parties' arguments, the Court concludes that the Superior Court must be dismissed as a defendant for the reasons set forth below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL 'O'

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

## II. FACTUAL BACKGROUND

The complaint alleges the following facts, which center around plaintiff's involuntary psychiatric treatment in June 2010. Plaintiff alleges that therapist Marcy Gray Rubin falsely claimed to the Los Angeles County Department of Mental Health ("Department of Mental Health") that plaintiff had threatened suicide. Compl. at 7. On June 10, 2010, officers of the Los Angeles Police Department approached plaintiff and forced him to get into a Department of Mental Health van, despite plaintiff's protestations that he did not pose a danger to himself or others, and that he wanted an attorney. Id. On June 11, 2010, plaintiff was transferred to Penn Mar Therapeutic Center in El Monte, California. Id. at 9. There, plaintiff alleges that he was again denied access to an attorney, and told that a Department of Mental Health "advocate" would represent him at a hearing. Id. On June 13, 2010, Schlecter certified plaintiff for two weeks of intensive treatment pursuant to California Welfare & Institutions Code section 5250. Id. Plaintiff alleges that the orderly who delivered notice of this action did not inform plaintiff of his right to habeas corpus with an attorney present. Id. Plaintiff again requested an attorney and an immediate hearing, which were not provided. Id.

On June 15, 2010, Schlecter filed a petition to declare plaintiff incompetent to refuse medication. Id. at 9–10. Plaintiff alleges that his patient rights advocate stated that plaintiff had no right to an attorney, even if he could afford one, and that the advocate would represent plaintiff at a June 17, 2010 hearing on custody and capacity to refuse medication. Id. at 10. At a June 17, 2010 hearing, a referee from the Superior Court ordered plaintiff's release, finding no probable cause for involuntary psychiatric treatment. Id.

In September 2013, plaintiff attempted to file in the docket for his release case a request that the Superior Court refer "known violations" of his rights to DRC.[1] Id. Plaintiff contends that the Superior Court was obligated "to report any violations it knows about for the assessment of statutory penalties and for inclusion in" an annual plan for corrections required by the PAIMI, and that a review of plaintiff's submitted records

---

[1]Plaintiff explains that pursuant to Olmstead v. L.C., 527 U.S. 581 (1999), "courts know a constitutional violation occurs when they release a detainee citing no probable cause for involuntary psychiatric treatment." Compl. at 16.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 2 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

would have revealed myriad violations of federal law that fall within this obligation to report. Id. at 11–12. The Superior Court refused to file the documents or comply with plaintiff's request, asserting that the case closed upon plaintiff's release. [2] Id. at 10. In May 2014, the California Court of Appeal, Second Appellate District, denied plaintiff's petition for certiorari related to the release case, which plaintiff states was made on similar grounds to those raised in the instant case. Id. at 10–11.

In June of 2011, plaintiff filed in the Superior Court a tort action entitled Hedges v. Rubin et al., No. EC056010. Id. In April 2014, after the Superior Court had granted a demurrer without leave to amend, the Court of Appeal ordered the Superior Court "to allow civil suit to proceed against the City of Los Angeles, and ordered the presiding judge of [the Superior Court] to assign a new judge for the case."[3] Id. at 11. According to the complaint, the Superior Court "stands in defiance of that order." Id.

Plaintiff avers that the Superior Court—in his case and systematically with regard to disabled persons—has provided inadequate due process. He contends that the referees and advocates who operate in review hearings, like the one held in his case on June 17, 2010, are insufficiently qualified, violating the federal constitution. Id. at 12. He also

---

[2]Plaintiff attaches to the complaint a copy of a letter from the Superior Court dated September 10, 2013. Compl. Ex. 2. In this letter, the Superior Court explains its refusal to file documents entitled "Request for Advocacy Pursuant to [Welfare & Institutions Code] § 5328.06" and "Order Granting Referral for Advocacy Pursuant to [Welfare & Institutions Code] § 5328.06." Id. The letter asserts that the Superior Court "has no jurisdiction to hear this matter" because "Case No. 10015008 was closed on June 17, 2010 after the disposition in the certification hearing on that date." Id. The Superior Court advised that plaintiff "may wish to contact [DRC] directly to request that the agency consider opening a case" on plaintiff's behalf. Id.

[3]The Court takes judicial notice of a proffered opinion from the Court of Appeal, Hedges v. City of Los Angeles, No. B240475 (Dkt. No. 8), pursuant to Federal Rule of Evidence 201. In that opinion, the Court of Appeal determined that, although plaintiff's action was barred as pled due to failure to comply with the Government Tort Claims Act, plaintiff had demonstrated a reasonable possibility of amending the complaint to allege an action under 42 U.S.C. § 1983, so that a demurrer to his state court complaint should have been granted with leave to amend.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 3 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

alleges unconstitutional delay of habeas corpus proceedings evidenced by the Welfare and Institutions Code section 5256 review form, on which a checkbox for a habeas corpus request "is below the box for if mandatory review found probable cause to continue the hold, as if the detainee may request habeas corpus and an attorney only after mandatory review," rather than immediately upon delivery of the notice of certification for extended treatment under section 5250. See id. at 13. In his case, plaintiff avers that he would have been released much sooner had he been granted an immediate habeas corpus hearing. Id. at 23. Further, plaintiff alleges that the Superior Court failed to provide process required by the PAIMI. See id. at 16–17. Plaintiff also contends that the Superior Court denies victims the effective remedy of class action by using medical privacy as a pretense to prevent victims and their attorneys from "contact[ing] each other to establish systematic patterns and coordinate legal strategy." Id. at 17.

Plaintiff requests the following relief: (1) a declaration that "when a court rules 'no probable cause' for psychiatric detention that has already progressed, that fundamental constitutional rights were violated"; (2) an injunction mandating that the Superior Court require those delivering Welfare & Institutions Code section 5250 certification notices to file affidavits attesting that they orally advised the person to be detained of the right to request habeas corpus with an attorney; (3) an injunction requiring the Superior Court to assess penalties payable to the State of California for false claims instead of instructing victims to file grievances; (4) an injunction requiring the Superior Court to "declare all known violations when they are aware of facts constituting violations, and transmit those declarations" to DRC; (5) an injunction requiring the Superior Court to void all diagnoses derived from false claims made in support of involuntary psychiatric treatment found to be without probable cause; (6) the appointment of a special master to ensure that the Superior Court corrects its due process violations; and (7) compensatory and punitive damages. Id. at 24.

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 4 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 5 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The Eleventh Amendment to the U.S. Constitution provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." As interpreted by the Supreme Court, the amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent, even if the plaintiff is a citizen of the defendant state. See Hans v. Louisiana, 134 U.S. 1, 15 (1890). Absent a waiver, state immunity extends to state agencies. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–46 (1993); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam).

Under the Ex parte Young exception to Eleventh Amendment immunity, a plaintiff may bring suit in federal court against a state officer acting in violation of federal law for prospective injunctive or declaratory relief. 209 U.S. 123 (1908); see also Pennhurst, 465 U.S. at 102–106. But "[t]his exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." Puerto Rico Aqueduct, 506 U.S. at 146; Edelman v. Jordan, 415 U.S. 651, 678 (1974) (holding that a federal court may enjoin an official's future conduct, but may not award retroactive monetary relief).

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 6 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** ‘O’

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

“[A] suit against the [California] Superior Court is a suit against the State, barred by the eleventh amendment.” Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); see also Simmons v. Sacramento Cnty. Super. Ct, 318 F.3d 1156, 1161 (9th Cir. 2003) (“Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees) because such suits are barred by the Eleventh Amendment.”). Thus, a suit against the Superior Court—whether for damages or injunctive or declarative relief—is categorically barred. See id. At 1110 n.10 (“Since the eleventh amendment by its terms bars suits against a state ‘in law or equity,’ our holding necessarily applies also to plaintiff’s claims against the Superior Court for injunctive and declaratory relief.”). Plaintiff’s suit fails to state a valid claim for that reason.

Plaintiff argues that the Eleventh Amendment poses no bar because § 1983 “has long been recognized” as a valid exercise of Congress’s power to abrogate state sovereign immunity under section five of the Fourteenth Amendment. See Opp’n at 4. This argument is without merit. Section 1983 “does not constitute an abrogation of the Eleventh Amendment immunity of the states.” Ginter v. State Bar of Nevada, 625 F.2d 829, 830 (9th Cir. 1980) (citing Quern v. Jordan, 440 U.S. 332, 338-41 (1979), Pugh, 438 U.S. at 781, and Edelman, 415 U.S. at 677); see also Hale v. Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (“Section 1983 does not abrogate the states’ Eleventh Amendment immunity from suit.”). Plaintiff also contends that the Court of Appeal has already ruled that his claims “are proper pursuant to” § 1983. Opp’n at 4. But the ruling to which he refers allowed plaintiff to amend a different complaint to attempt to state a § 1983 claim against the City of Los Angeles, not the Superior Court. Unlike state courts, cities are not arms of sovereign states protected by the Eleventh Amendment. See Jinks v. Richland County, 538 U.S. 456, 466 (2003) (“[M]unicipalities, unlike States, do not enjoy a constitutionally protected immunity from suit.”).

Because the Eleventh Amendment bars plaintiff’s suit against the Superior Court, the Court need not address the Superior Court’s other arguments for dismissal. And because it is impossible to amend the complaint so as to state a claim against the Superior Court, the Superior Court will be dismissed from this action with prejudice.

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 7 of 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 2:14-cv-06006-CAS(SSx) | Date | November 3, 2014 |
|---|---|---|---|
| Title | MARK HEDGES v. SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss. The Superior Court is hereby dismissed from the action, and plaintiff shall not have leave to amend as to the Superior Court.[4]

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | CMJ | | |

[4]At oral argument, plaintiff indicated that he would be filing a motion for leave to amend his complaint to add the City of Los Angeles as a defendant. A hearing on this motion for leave to amend is tentatively set for December 8, 2014.